842 F.2d 334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clyde C. WILSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 86-5577.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Clyde Wilson, proceeding pro se, appeals the dismissal of his complaint filed under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671 et seq. (1982) ("FTCA"). The district court dismissed the complaint because the allegedly tortious acts of the Bureau of Prison officials, upon which Wilson bases his claim for damages, were within the Section 2680(a) exception to the federal government's waiver of its sovereign immunity in the FTCA. We affirm.
 
 I.
 
 2
 Clyde Wilson was convicted of bank robbery in 1972 and was sentenced to a ten year federal prison term. While awaiting parole in 1975, Wilson was transferred to a Detroit Community Treatment Center. During the time he was under assignment to the Center, Wilson was evidently arrested by local police for assault with intent to do serious bodily harm. After pleading guilty to the assault charge, Wilson was given a state prison term of 6 1/2 to 10 years. The state sentencing judge recommended that the state prison term should run concurrently with the federal term imposed in 1972. Wilson was then incarcerated in state prison and began serving his state sentence.
 
 
 3
 About six years later, in May or June 1981, Wilson was returned to federal custody. Sometime shortly thereafter, Bureau of Prison ("BOP") officials made a determination that Wilson was an "escapee" from federal custody during the period he was incarcerated in the state prison--i.e., from December 18, 1975 through April 24, 1981. The BOP officials based this determination upon their interpretation of BOP Policy Statement 5550.2(4)(B). This section provides in part:
 
 
 4
 If a facility makes the determination that an inmate has failed to return or report at the prescribed time to the designated facility because of an arrest for a violation of local, county or state laws, then that facility shall place the inmate on escape status and the sentence shall become inoperative on the date that the inmate should have returned or reported.
 
 
 5
 Under Section (4)(B) are four subsections. The subsection that would have been applicable to Wilson's situation is subsection (1), which provides in part:
 
 
 6
 (1) If the inmate is successfully prosecuted [as Wilson was here--i.e., he pled guilty], then the facility that placed the inmate on escape status shall make an evaluation of all the facts and may make a recommendation to the Regional Director that the jail or state facility where the inmate is currently confined be designated as the place to serve the federal sentence.
 
 
 7
 (emphasis in original). The BOP never made such a recommendation as to Wilson. Instead, when he was returned to federal custody a determination was made by a BOP employee, applying the policy statement, that the entire time Wilson had spent in the state prison was inoperative time and did not count against his federal sentence.
 
 
 8
 As a result of this decision, Wilson was kept in the federal prison well after 1982, even though his ten year prison term imposed in 1972 and the 6 1/2 year state term imposed to run concurrent to that federal term would have run sometime in 1981 or 1982. Wilson thus sought habeas corpus relief, which this court granted in an unpublished decision filed November 28, 1983. This court, reversing the lower court's decision denying the writ, stated: " [We] will not allow an error made by prison officials in 1981 labelling petitioner as an 'escapee' to keep him incarcerated for a longer period than either sentencing judge intended." Wilson v. United States, No. 82-5772, slip op. at 2 (6th Cir.1983) (per curiam).
 
 
 9
 After exhausting his administrative remedies, Wilson brought this civil action in the district court alleging that he was wrongfully or falsely imprisoned by the United States, acting through BOP employees, during the period from December 18, 1975 to December 28, 1984.[1] As mentioned, Wilson brought this action under the Federal Tort Claims Act.
 
 
 10
 The United States moved to dismiss the complaint for lack of subject matter jurisdiction. Specifically, the government argued that the actions complained of by Wilson were within the Section 2680(a) exception to the government's waiver of its sovereign immunity in the Federal Tort Claims Act. The United States Magistrate agreed, concluding that the application of and decision pursuant to BOP Policy Statement 5550.2(4)(B) was within 28 U.S.C. Sec. 2680(a). The district court adopted the Magistrate's recommendation and dismissed the case. This appeal followed.
 
 II.
 
 11
 In Section 2680, Congress provided a number of exceptions to the government's waiver of its sovereign immunity under the Federal Tort Claims Act. Section 2680(a) provides an exception for acts taken by federal employees which involve either the execution of a statute or regulation or the performance or non-performance of a discretionary function. That section provides in part:
 
 
 12
 The provisions of this chapter and section 1346(b) of this title shall not apply to
 
 
 13
 (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
 
 
 14
 28 U.S.C. Sec. 2680(a) (emphasis added).
 
 
 15
 As we explained on another occasion, there are two parts to Section 2680(a):
 
 
 16
 In our view, the first part of this section immunizes the Government from liability for the actions of a Government employee who is exercising due care in implementing a government policy as set forth in a statute or regulation. The second part of the provision, the discretionary function exception, immunizes Government employees when they are formulating policy.
 
 
 17
 Downs v. United States, 522 F.2d 990, 996 (6th Cir.1975); See also Dalehite v. United States, 346 U.S. 15, 34-36 (1953).
 
 
 18
 We agree with the government that the actions of the BOP employees in this case are covered within both "prongs" of Section 2680(a). Specifically, the action of the employee who computed Wilson's sentence under the BOP Policy Statement--a Mr. William Peters--was an action by a federal employee in the execution of an administrative regulation and thus exempt under the first part of Section 2680(a). Similarly, the actions of the individual or group of individuals who promulgated the Policy Statement for the BOP were also exempt under this first prong because their actions involved an attempt to give an administrative interpretation to a valid federal statute, i.e., 18 U.S.C. Sec. 4082(d). Finally, the actions of these individuals were also exempt under the second prong of Section 2680(a) because the enactment of the policy statement was itself a discretionary function.
 
 
 19
 Accordingly, the district court's decision is AFFIRMED.
 
 
 
 [1]
 It is not clear why Wilson chose December 28, 1984 as the applicable date. His habeas petition was granted by this court in November 1983, so it would seem that his imprisonment would have ended shortly thereafter